UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MATTHEW GREATHOUSE | CIVIL ACTION |
| VERSUS | NUMBER: 21-1819 |
| DAVID W. ARCENEAUX | SECTION: L (1) |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Matthew Greathouse filed the above-captioned matter in which he asserts a claim against David W. Arceneaux, a Judge in Louisiana's 32nd Judicial District.

For the following reasons, it is RECOMMENDED that this lawsuit be DISMISSED for failure to state a claim and for seeking monetary relief against a defendant who is immune from suit under 28 U.S.C. § 1915(e)(2)(B)(ii-iii).

### Background

In his Original Complaint, Mr. Greathouse alleges that Judge Arceneaux caused him "to suffer a 'legal wrong'" that deprived him of his Due Process rights, Equal Protection of the Law, his right to parent his children, and his rights as a crime victim under the Crime Victims' Rights Act of 2004. He alleges that Judge Arceneaux caused his children "to suffer a 'legal wrong.'" He argues that no judicial officer has the right to act unlawfully and unconstitutionally and that, as a result, Judge Arceneaux's acts were not of a judicial nature. He insists that he is not asking this court to review the judgment of a state court and that, therefore, the Rooker-Feldman doctrine does not apply.

Mr. Greathouse seeks nominal damages because he says he cannot translate his mental anguish, stress, pain, suffering, and emotional and psychological damage into a monetary value. He notes that he could account for time lost from work, for money spent on court fees and filings,

and for the potential future psychiatric care for his children for the "lasting effects that ripping a family in half and caus[ing] siblings to be separated has on them developmentally." He asks for punitive damages if the court sees fit but requests that any such damages be awarded to a charitable organization for children.

In his Amended Complaint, Mr. Greathouse submits that he can provide proof of his claims in the form of certified minutes and transcripts and court orders signed by Judge Arceneaux. Mr. Greathouse asserts that the signed order shows that Judge Arceneaux did not rule on or make any attempt to hear his exceptions and challenges to the state court's jurisdiction. His memorandum in response to the Court's show cause order offers further background. He explains that the plaintiff in the state court lawsuit had used the wrong address and he was not served with process. Four days before a hearing, he found the notices left on his porch. He says he immediately filed a notice with the clerk of court and filed exceptions challenging subject matter jurisdiction, challenging service, and other exceptions to avoid waiver. The day of the hearing, Judge Arceneaux insisted that Mr. Greathouse had not filed any exceptions and declined to look at the proof of filing that Mr. Greathouse had with him. Mr. Greathouse argues that by choosing not to acknowledge Mr. Greathouse's jurisdictional challenge, Judge Arceneaux chose to proceed without jurisdiction.

Mr. Greathouse also alleges that Judge Arceneaux stated in open court that he had read through his case files and knew what was going to happen to him in a separate matter. Mr. Greathouse argues that this shows that Judge Arceneaux had prior personal knowledge of evidentiary facts that would come into dispute in the case before him. As a result, Mr. Greathouse argues that Judge Arceneaux should have recused himself from the proceedings.

Mr. Greathouse further asserts that Judge Arceneaux ignored a writ of civil warrant commanding his daughter be returned to his custody, protective orders, and criminal stay away

orders all issued by another court. He argues that Judge Arceneaux violated his daughters' Equal Protection rights and rights under the Crime Victims Act of 2004 by granting custody to someone who was not supposed to be within 100 yards of either Mr. Greathouse or his children.

Mr. Greathouse specifies that he seeks $2,614 in compensatory damages for the filing fees he has paid in the 32nd Judicial District Court. He also asks for general or non-economic damages for the months of stress and anxiety he has been subject to. He points out that it has been more than 8 months since he has seen his daughter and since his son has seen his sister, which is time they will never get back.

The Court has permitted the plaintiff to proceed *in forma pauperis* in the instant proceeding under the provisions of 28 U.S.C. § 1915(a). However, summons has not issued in order to allow the Court to review plaintiff's complaint to determine whether it satisfies the requirements of the federal *in forma pauperis* statute. Mr. Greathouse was ordered to show cause in writing why his lawsuit should not be dismissed for failure to state a claim and for seeking monetary relief against a defendant who is immune from suit under 28 U.S.C. § 1915(e)(2)(B)(ii-iii). In response, he filed his Amended Complaint as well as a Brief to Show Cause; an Affidavit swearing to the truth of his claims in both the Amended Complaint and the Brief; a copy of a state court judgment dated July 19, 2021, setting the custody case for an evidentiary hearing on August 17, 2021[1]; a minute entry for a July 16, 2021, hearing on a rule to show cause resulting in the aforementioned judgment; and a receipt from the Terrebonne Parish Clerk of Court evidencing receipt of a fax filing of Mr. Greathouse's Notice of Special Appearance & Amending Exceptions on July 14, 2021.

---

[1] Not only were the plaintiff's Petition for Protection from Abuse, Petition to Establish Custody, and Amended Petition to Establish Filiation, set for hearing, but also Mr. Greathouse's exceptions.

Law and Analysis

There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*. See Startii v. United States, 415 F.2d 1115, 1116 (5th Cir.1969); see also Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in *forma pauperis* is not new).

28 U.S.C. § 1915(e)(2)(B) provides for summary dismissal *sua sponte*, should the Court determine that a case is frivolous. Section 1915(e)(2)(B) provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
> \* \* \*
> (B) the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (emphasis added). "[A] complaint fails to state a claim upon which relief may be granted when it does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Rogers v. Boatright, 709 F.3d 403, 407 (5th Cir. 2013) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

"Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions." Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356–57 (1978) (quoting Bradley v. Fisher, 80 U.S. 335, 351 (1871)). For example, in Stump, the United States Supreme Court held that a judge that granted a petition for authorization of a minor's

4

sterilization had not acted in the absence of all jurisdiction because the court was a court of general jurisdiction and although not expressly authorized to handle sterilization petitions, the court was not prohibited by any statute from doing so. Id. at 358. The Court observed in a footnote that if a probate judge with jurisdiction over only wills and estates conducted a criminal trial, the judge would be acting in the clear absence of jurisdiction and would not be immune from liability. Id. at 357 n. 7.

"This broad scope of immunity is afforded to judges for actions taken within their jurisdiction because their role in the judicial system requires that they enjoy freedom to determine the law unfettered by the threat of collateral attacks against the judge personally." Mays v. Sudderth, 97 F.3d 107, 110–11 (5th Cir. 1996). Indeed, the Supreme Court has noted that "[m]ost judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability." Forrester v. White, 484 U.S. 219, 227, 108 S. Ct. 538, 544, 98 L. Ed. 2d 555 (1988). "[A] district court may appropriately consider the possible applicability of the doctrine of absolute immunity as a threshold matter in making a section 1915(d) determination." Krueger v. Reimer, 66 F.3d 75, 76 (5th Cir. 1995); see Knight v. Bennet, No. CIV.A. 07-1276, 2007 WL 1217727, at *2 (E.D. La. Apr. 23, 2007) (dismissing claims against judge on § 1915 review where only relief sought was monetary damages and all alleged actions were taken in judge's role as a judicial officer).

In ordering Mr. Greathouse to show cause, the court observed that although his Original Complaint had not alleged many specific facts, it appeared that the actions challenged by Mr. Greathouse were likely of a judicial nature and that Judge Arceneaux would be entitled to judicial immunity for acts performed in the exercise of his judicial functions. In his Brief, Mr. Greathouse

argues that Judge Arceneaux's actions should not be construed as judicial because Judge Arceneaux lacked jurisdiction and simply ignored Mr. Greathouse's jurisdictional challenges. He argues that without jurisdiction, there is no judge, "merely someone impersonating a judicial officer, who is acting on their own personal agenda and committing a treasonable offense against the very office and Constitution they swore to uphold." He insists that the concept of judicial immunity, while important, must be subject to exceptions. He argues that judicial immunity should not be granted where an official has violated someone's Constitutional rights. He argues that it is improper for courts to create the doctrine of judicial immunity through the common law and then hold it above the Constitution.

Mr. Greathouse further argues that Judge Arceneaux should have recused himself from the matter. He submits that Judge Arceneaux stated something "to the effect of, 'I personally think anyone who uses a restraining order to try and obtain custody is absolutely deplorable and a complete abomination.'" Mr. Greathouse adds that Judge Arceneaux made threats towards him, such as stating something "to the effect of 'You better not let me find out you disobey these orders, because I can and will personally make things so much worse on you if you make me, I'm not that person but don't push your luck." Mr. Greathouse argues that Judge Arceneaux's bias was clear.

The court finds that the actions challenged by Mr. Greathouse must be characterized as judicial functions. He complains that Judge Arceneaux ignored his exceptions of no jurisdiction.[2] But in so doing, Judge Arceneaux was acting as a judge. Mr. Greathouse could have sought reconsideration or appealed Judge Arceneaux's decisions within the state court proceeding. To the extent Mr. Greathouse is correct that Judge Arceneaux should have recused himself, Mr.

---

[2] The court assumes this to be true as argued Mr. Greathouse's Brief, but also notes that the Judgment attached as an exhibit to that Brief seems to show that Mr. Greathouse's exceptions were not ignored but were instead set for evidentiary hearing.

6

Greathouse could have requested this relief in the state court proceeding and sought reconsideration or appeal of any adverse ruling. Critically, though, Mr. Greathouse cannot collaterally challenge Judge Arceneaux's judicial rulings on the basis that they were legally or factually wrong. See Mays, 97 F.3d at 110–11 (5th Cir. 1996).

Further, the court cannot find that Judge Arceneaux acted in the clear absence of all jurisdiction. Mr. Greathouse challenges Judge Arceneaux's refusal to consider or his denial of Mr. Greathouse's exception of no jurisdiction. But he has alleged no facts to show that Judge Arceneaux acted without any jurisdiction at all, such as if he had been a probate judge with authority only to administer wills and estates who had issued rulings in a child custody proceeding. See Stump v. Sparkman, 435 U.S. at 358.

Taking the facts in Mr. Greathouse's complaint as true, the court must conclude that the alleged actions of Judge Arceneaux were judicial in nature and were not undertaken in the absence of all jurisdiction. Thus, Judge Arceneaux is entitled to judicial immunity from claims for monetary damages.

## Conclusion

For the foregoing reasons, the court finds that Mr. Greathouse has failed to state a claim and has sought monetary relief against a defendant who is immune from such relief. Accordingly, IT IS RECOMMENDED that this lawsuit be DISMISSED.

## **NOTICE OF RIGHT TO OBJECT**

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions

accepted by the district court, except upon grounds of plain error. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 15th day of November, 2021.

                                              Janis van Meerveld
                                       United States Magistrate Judge